Harris *et al.*, trustees, *vs.* Pounds *et al.*, trustees.

66   123
128  376
f128  377

HARRIS *et al.*, trustees, *vs.* POUNDS *et al.*, trustees.

1. Where not regulated by statutes or local laws, the usual practice in *quo warranto* cases is to present to the court a petition, verified by affidavit, for leave to file the information; whereupon a rule *nisi* to show cause to the contrary is issued, and upon the return thereof, unless the respondent shows such cause as puts his right beyond dispute, the rule to file information will be made absolute, that the question concerning the right may be determined.

2. Where a petition is brought to obtain a *quo warranto* to test title to an office, the facts on which the prosecutor rests his title should be verified by positive affidavit; but the facts concerning usurpation may be verified on information and belief.

3. While it may be more satisfactory in proceedings for *quo warranto* to exhibit copies of papers referred to, there is no rule which makes the proceeding demurrable on account of their absence.

*Quo warranto.* Practice in the Superior Court. Before Judge POTTLE. Wilkes County. At Chambers. September 3., 1880.

To the report contained in the decision it is only necessary to add that the following were the grounds of demurrer:

1. Because the said petition is not verified and sworn to as the law requires.

2. Because the said petition is insufficient in law.

3. Because the said plaintiffs have an adequate and complete remedy in ordinary proceedings at law.

4. Because the petition for *quo warranto* does not fully set out the deed, act of incorporation, and other documentary evidence referred to.

5. Because the petition does not show such appointment of trustees of Fountain Camp Ground, and such a continuous succession of such trustees since the creation of the trust, as entitles the Conference to appoint petitioners as trustees, and to authorize said trustees to proceed by *quo warranto* against respondents.

v 66—8

6. Because petitioners, and the Barnett Conference appointing them such trustees, are estopped by acquiescing in the appointment of respondents as trustees, and said Conference is barred by a lapse of more than twenty years in which said Conference exercised no control over said camp-ground, and the office of trustees of said camp ground.

The overruling of this demurrer is the error complained of.

C. S. DuBose; W. M. & M. P. Reese, for plaintiffs in error.

W. D. Tutt; W. H. Brooke; Jno. C. Reed, for defendants.

Speer, Justice.

The defendants in error filed their petition in Wilkes superior court for leave to file an information in the nature of a *quo warranto,* alleging the following facts :

That sometime prior to 31st of December, 1838, Nesbit and Hendrick deeded to Fuller *et al.*, trustees of Fountain M. E. Church Camp-ground, at Fountain, Warren county, two hundred acres of land, for the use of said camp-ground and church, which deed had been lost or destroyed. That on the 31st December, 1838, the legislature incorporated said camp-ground for thirty years, and invested the trustees and grantees with usual powers. That the charter expired 31st of December, 1868. That afterwards, in April, 1877, when all of the original trustees had died or removed from the state, that plaintiffs in error, without legal warrant or authority from the M. E. Church, and without having been appointed by said church or its constituted authorities, petitioned the superior court of Warren county to incorporate said camp-ground, and to appoint them trustees thereof, which was done by the presiding judge. That plaintiffs in error

continued unlawfully to hold said trusteeship until removed by the Quarterly Conference sitting at Barnett, 31st of August, 1878, when and where, and by said Conference, defendants in error were appointed trustees of said campground. That said appointment has been regularly recorded in the clerk's office of Warren superior court. They allege if the appointment of plaintiffs in error was legal they have now been removed by the Conference under authority of law. That plaintiffs in error threaten to proceed against defendants in error as trespassers should they enter on said camp-ground, etc. They pray, therefore, for leave to file the information requiring plaintiffs in error to show by what authority of right or law they hold the above mentioned office of trustees, etc., and that they be removed.

By an amendment to their petition, defendants in error set out that the M. E. Church, at a regular Quarterly Conference elected the grantees in the deed from Hendrick and Nesbit, trustees to manage the property, etc. That said deed, a copy of which is attached, stipulates that the land is conveyed in trust for the use of said church, and trustees are to be subject to the control and direction of said church, and that all vacancies are to be filled by the M. E. Church.

The original and amended petition are verified by the affidavit of one of the petitioners, the affidavit to the first petition being made absolutely, the second affidavit being on information and belief.

To this petition and amendment plaintiffs in error filed a demurrer on various grounds, which are set forth in the record; on hearing the demurrer, the same was overruled and plaintiffs in error excepted.

1, 2, 3. Where the writ of *quo warranto* is not regulated by local or statute law, the usual practice in obtaining leave to file an information, is to present to the court an application or petition verified by affidavit, upon which a rule issues, requiring the respondent to show cause why the

Harris *et al.*, trustees, *vs.* Pounds *et al.*, trustees.

information should not be filed against him, and unless he shows such cause on the return as puts his right beyond dispute, the rule for the information will be made abso-lute in order that the question concerning the right may be properly determined. High on Ex. Rem., 530, Ch. xix.

The facts involved in said petition are usually *title* to the office or some interest therein, alleged to be in peti-tioners, and the usurpation and holding illegally said of-fice by the respondent. ·The affidavit upon which the application is based should verify positively the facts on which the prosecutor *rests his right or title to the* office— which facts should be set forth in the petition. But on the question of usurpation on the part of respondent, it seems to have been held sufficient that these facts may be verified on information and belief, the distinction no doubt arising from the fact that as to the petitioner's own claim or right to the office, he should be able to ver-rify it from his own knowledge, but as to the usurpation on the part of defendant, this must necessarily rest upon information and belief. High on Ex. Rem. Ch. xix, p. 531-2. While it might be more desirable to attach copies of documentary papers relied on as evidence as exhibits to the petition, yet, this being a common law suit, we know of no rule under our practice that makes it indis-pensable to a hearing as in equity.

Testing the petition filed in this case by these simple rules, as recognized in the standard work referred to, we are of the opinion that the petition and amendment on this case were sufficient in law, and that there was no error in the court below in overruling the demurrer on all the grounds taken therein.

Let the judgment of the court below be affirmed.