## McWILLIAMS *et al.* v. JACOBS *et al.*

1. A writ of error lies from the refusal of a judge of the superior court to grant leave to file an information in the nature of a writ of quo warranto.
2. A petition for leave to file an information in the nature of quo warranto must be verified. Such averments therein as show the relator's right to file an information must be positively verified, but averments concerning the occupant's usurpation of the office may be verified on information and belief.
3. Where the qualifications of a mayor and council of a municipality are not prescribed by statute, such officers are not ineligible for the sole reason that they paid their State and county taxes for a given year after December 20, but before execution for the taxes had been issued, without paying or tendering any interest on the taxes paid.

Argued March 4,—Decided May 16, 1907.

Quo warranto. Before Judge Worrill. Randolph superior court. January 31, 1907.

*Glessner & Pottle* and *R. Terry,* for plaintiffs.

*William D. Kiddoo,* for defendants.

EVANS, J. The defendants in error moved to dismiss the bill of exceptions, (1) because there was no notice given them of the application for leave to file the information in the nature of a writ of quo warranto, and they were not parties to the application; and (2) because there is no case pending against them as to the matters alleged in the petition for leave to file the application, and they can not be made parties to a bill of exceptions in a case in which they were never sued or served, and from the judgment or decision in which they could not themselves have had a writ of error, or filed exceptions pendente lite if the judgment or decision had been adverse to them. In effect, the motion denies that a writ of error lies to the refusal of a judge of the superior court to grant leave to file an information in the nature of a writ of quo warranto. Any citizen or taxpayer may file a proceeding of this nature. *Hathcock*

*v. McGouirk,* 119 *Ga.* 978. The proper practice in such cases is to present a petition to the court, praying for a rule nisi against the person or persons occupying the office, to show cause why the information should not be filed. *Harris* v. *Pounds,* 66 *Ga.* 123. The petition must be presented to the judge, and the relators have no authority of law to file any petition connected with the matter, in the superior court, without first getting leave of the judge. Civil Code, § 4321. The refusal of the judge to grant the order to show cause is a positive denial of the prayer for the writ and puts an end to the relator's case. The Civil Code, § 5527, declares that a bill of exceptions will lie in a civil case to any judgment or decision of the judge of the superior court in any matter heard at chambers. Either party to an application for a writ of quo warranto, desiring to except to the decision of the judge of the superior court, shall, if the Supreme Court be in session, within ten days after such decision, carry the same to the Supreme Court by bill of exceptions, service to be perfected as in cases of injunctions. Civil Code, § 4881. We know of no provision of law which requires notice to be given the alleged usurper of an office of an application for leave to file such an information. It is no objection to suing out a bill of exceptions that the parties had never been served with any process in the court below. Plaintiffs in error were proceeding in an orderly way to institute their suit against the defendant in error, but their case was cut down at the very threshold by the refusal of the judge to grant the rule nisi prayed for. To deny them a writ of error from the judgment of the superior court under such circumstances would make the decision of a trial judge upon their rights in the premises final, and not subject to review. This result would not only be against the policy of the law allowing writs of error from all final judgments rendered by the superior court, but also against the statutes to which we have adverted.

2. Plaintiffs in error presented to the judge of the superior court their application alleging that they were citizens and taxpayers of the city of Cuthbert, Georgia, and, as such, applied for leave to file, in behalf of themselves and all others similarly situated, an information in the nature of a quo warranto, a copy of which was attached to the application, "in order that they may inquire into the rights of respondents therein named to hold office as members of the municipal council of said city." Applicants challenged the rights of the

respondents to hold these offices, because the defendants in error, at the time of the filing of the application and of their candidacy and induction into office were tax delinquents and therefore ineligible to the office to which they assert a claim of right and title. The information attached to the application alleged, that the relators were citizens and taxpayers of the city of Cuthbert, Georgia; that an election for a mayor and five councilmen was held on January 3, 1907, at which respondents (who are the defendants in error) were candidates for mayor and aldermen, and were declared to be duly elected; and that they are now assuming to hold the offices without legal warant or authority, for the reason that respondents had full and fair opportunity to pay their respective State and county taxes for the year 1906, on or before December 20, but failed and neglected so to do until January 2, 1907, when they paid the amount of the taxes without any interest. The averments of the application, that relators were citizens and taxpayers of the city of Cuthbert, and that respondents were assuming to act as mayor and members of the city council under claim of right so to do, were positively verified. An affidavit was attached to the application and submitted to the judge, the purport of which was that affiant was familiar with the allegations of fact contained in the application for quo warranto, and that, upon information and belief, he believed the same to be true. The affidavit contained a statement of various facts which would justify a conclusion that none of the respondents paid their respective State and county taxes to the tax-collector for the year 1906, prior to the second day of January thereafter, and that they did not pay to the tax-collector any interest on the taxes at the time they paid them to him on January 2, 1907. The judge refused to issue the rule nisi as prayed. It is urged by the defendants in error that a sufficient reason for such refusal to act favorably upon the petition of the applicants was that it was not properly verified. A petition for leave to file such an application must be verified. Such averments as show the relator's right to file the information should be positively verified, but the averments concerning occupancy and usurpation of the office may be verified on information and belief. *Harris* v. *Pounds,* 66 *Ga.* 123. The verification of the petition in the present case fully complied with the requirements of the rule stated in the case just cited.

3. While not stated in terms, the plain inference appears,

from the allegations in the applicants' petition, as well as in the affidavits supporting the same, that no fi. fa. had been issued by the tax-collector of Randolph county (the county in which the city of Cuthbert is located) against either of the respondents at the time of the payment of the amounts severally due by each as taxes for the year 1906. No qualifications are required of the holders of these offices by the charter of the city of Cuthbert. The ineligibility of the respondents to hold the offices to which they had been elected is claimed to result from their failure to pay interest on their taxes from December 20, 1906, when they should have been paid, and January 2, 1907, when they were actually paid. The soundness of this contention depends upon the correctness of two propositions: (1) that an office-holder whose qualifications are not fixed by any statute or the constitution must possess all of the qualifications of an elector before he becomes eligible to hold office; (2) that a voter otherwise qualified is deprived of his right to vote, because of a failure to pay interest on State and county taxes, when the payment is made after the time the law provides for executions to issue, but before the issuance of the execution, without paying or tendering interest thereon at seven per cent. for the period between the time prescribed for the issuance of fi. fas. for unpaid taxes and the actual time of payment thereof. It would be unprofitable to enter into a discussion of the first proposition, since, if its soundness be conceded, we are clear that the second proposition is untenable.

In the absence of a statutory provision to that effect, taxes do not bear interest. *State* v. *Southwestern Railroad,* 70 *Ga.* 32 (8). We have no statute which declares that taxes shall bear interest, unless such consequence follows from a construction of the Political Code, §887. The statute requires that executions for the non-payment of taxes shall be issued by the tax-collector as soon as the books are closed for the collection of taxes, which is the 20th of December of each year. Polit. Code, §§894, 859. The act of 1889, which is incorporated in the Political Code, §887, provides that "All executions for taxes due the State or any county thereof . . shall bear interest at the rate of seven per cent. per annum from the time fixed by law for issuing the same." In *Georgia Railroad Co.* v. *Wright,* 125 *Ga.* 610, it was said that this section of the code, properly construed, does not declare that taxes shall bear interest, but that only an execution for taxes shall bear interest. Coun-

sel fór plaintiffs in error insist that the construction of this section of the code was not necessary for the proper decision of any matter before the court in that case, and, for that reason, is only obiter dictum. We are not prepared to agree with this contention of counsel that what was said as to the construction of the act of 1889 was altogether obiter; but even if it be so, we think, for the reasons therein stated, that the construction put upon it was correct. It would have been a very easy matter for the General Assembly to declare that taxes should bear interest, if it had been the legislative purpose to impose interest upon taxes. The wording of the act is peculiar. It declares that executions issued for taxes shall bear interest. There is nothing in the act which would suggest a legislative intent to require interest in cases where executions have not been issued. Accordingly, we do not think that the elector is disqualified from voting because of his failure to pay or tender interest on his taxes, where he pays his taxes after December 20, but before a tax fi. fa. has been issued against him.

<em>Justices affirmed.    All the Justices concur.</em>