ROAN *v.* ROGERS.

No. 15626. NOVEMBER 15, 1946. REHEARING DENIED DECEMBER 2, 1946.

*Houston White* and *Sam F. Lowe Jr.,* for plaintiff in error.

*Weekes & Candler* and *A. Walton Nall,* contra.

DUCKWORTH, Justice. (After stating the foregoing facts.) The bill of exceptions contains about ten specific assignments of error, and some of these are exceptions to rulings on a written motion and demurrers, all of which involve many separate grounds, thus making a case which on the face of the record fairly bristles with legal questions for decision. However, when the record has been fairly read and analyzed, it is found that the entire case turns upon one central legal proposition, and a decision on this controlling question will be decisive on all the others. Succinctly stated the question is: Did the act (Ga. L. 1913, p. 148) as amended empower the Governor to appoint a judge of the Civil Court of DeKalb County on May 10, 1946, while the judge, whose regular term expired on December 31, 1945, was occupying the office as a holdover, for the four-year term as fixed by the act, which began on January 1, 1946, and ends on December 31, 1949? The language of the act relative to this question is found in section 7 thereof, and is as follows: "Be it further enacted by the authority aforesaid, that the Judges of the DeKalb Section of the Municipal Court of Atlanta, shall serve for four years each and shall be nominated by the judge of the Superior Court of DeKalb County, and appointed and commissioned by the Governor of the State of Georgia, and their successors shall be nominated and appointed in like manner and shall hold for like terms." We observe that the method for providing a judge of the court is prescribed by the act, and resort may not be had to any other method for that purpose. Furthermore, the authority therein conferred upon the Governor to make the appointment is the sole authority

of the Governor for doing so, and any such appointment made by the Governor to be legal must conform to the requirements of the act. The act provides for a succession of judges at intervals of four years and thus fixes the term at four years. The only authority therein conferred upon the Governor to appoint the judge is that which empowers him to make an appointment for a four-year term after his appointee has been nominated by the judge of the Superior Court of DeKalb County. This observation should put at rest any contention or claim that by this act the Governor is authorized to make an appointment for any term except a four-year term as therein provided. By the general law, Code, § 89-105, the regular appointed judge of the court would be required to continue to occupy the office after the expiration of his four-year term as a holdover until his successor is appointed and qualified. While by the Constitution of 1945, article 5, section 1, paragraph 13, and by the statute, Code, § 40-301, the Governor is required to fill vacancies in office by appointment, this requirement does not extend to or embrace filling a vacancy in term, but has reference solely to filling a vacancy in office. There was no vacancy in office here when Rogers was appointed on May 10, 1946, since Roan was occupying the office as a holdover as required by the law. *Shackelford* v. *West,* 138 *Ga.* 159 (74 S. E. 1079) ; *Lee* v. *Byrd,* 169 *Ga.* 622 (151 S. E. 28) ; *Minter* v. *Lane,* 173 *Ga.* 756 (161 S. E. 580). There was and had been a vacancy in the term since January 1, 1946. *Mitchell* v. *Pittman,* 184 *Ga.* 877, 896 (194 S. E. 369). It was held in *Shackelford* v. *West,* supra, that the period beyond his fixed regular term during which the office was occupied by the holdover was as much the regular term of the occupant as was the portion fixed by law. This would cause it to appear that when Judge Roan, in obedience to the law, occupied the office here involved during the year 1946, which was a part of the new term as fixed by the act, and thus caused this portion of the new term to become a part of his term, either one of two results followed, to wit, only an unexpired portion of the new term remained to be filled or the arrangement of the regular term as fixed by the act was thereby changed, causing the term to start in May instead of January. We think, however, that such reasoning overlooks the fundamental and follows an impractical theory. The act leaves no room for doubt but that the legislative intent was to fix unchangeably

terms of four years each as the periods for succession in office. This legislative plan was not to be upset when circumstances brought into operation applicable general law designed to avoid a vacancy in office because of a failure to appoint in time a successor to a judge whose term had expired. It is unimportant whether the holdover period be a part of the term of the judge holding over or a part of the new term as fixed by law. The important question is whether Rogers was appointed and qualified as provided by the act for the term which began on January 1, 1946. Counsel for Roan make the argument here that since Judge Roan was first nominated by the judge of the Superior Court of DeKalb County, as provided by the act, on January 3, 1946, and this nomination was never withdrawn by the judge or acted upon by the Governor and was still pending of file in the Governor's office on May 9, 1946 when the Superior Court judge admittedly nominated Rogers, such attempt did not amount to nomination as required by the act, and, hence, the Governor was without authority of law to appoint Rogers on May 10, 1946. Counsel further contend that when properly construed the act means that the nomination by the Superior Court judge amounts to appointment, and that it is a mere ministerial act on the part of the Governor in commissioning such nominee, and that, therefore, the nomination of Judge Roan on January 3, 1946, was an appointment under the law, and that Judge Roan thereby acquired title to the office for the entire new term of four years. The further contention is made that the act does not authorize the trial judge to nominate more than one as was done in the case of Rogers where four nominations were sent to the Governor at the same time, and that for this reason the attempt to nominate Rogers was invalid and void. A mere glance at the correspondence passed between the Superior Court judge and the Governor, which is set out in full in the response, reveals unmistakably that the Superior Court judge did, on May 9, 1946, withdraw the nomination of Judge Roan, and that the Governor did, on May 10, 1946, consent to such withdrawal. Further discussion of this question would be useless here. It is also quite clear that the act places no limitation upon the number of names which the Superior Court judge may submit to the Governor for his consideration and from whom the Governor may select one to appoint as judge. To construe the act to limit the trial judge to

one nominee would give to the law a meaning that would deprive the Governor of any choice or judgment whatever and confer upon the trial judge absolute power in naming the judge of the Civil Court of DeKalb County. The plain language of the act refutes the contention that the nomination of Judge Roan on January 3, 1946, was the equivalent of an appointment and vested him with the title to the office for the new term. To thus construe the act would eliminate the provisions thereof that the judges of the court shall be nominated by the judge of the Superior Court and "appointed and commissioned by the Governor of the State of Georgia." The law will not yield to such distorted construction. Finally it is contended that since the act places upon the Governor the authority to appoint only for a four-year term, of necessity this requires that such appointment be made before the beginning of such term, since this is necessary in order that the appointee may occupy the office for the four-year term as prescribed by the statute, and that since the appointment of Rogers was made during the term after several months thereof had expired it was unauthorized by the act and was ineffectual to vest Rogers with the title to the office. This argument admittedly is persuasive and in a measure logical, but it fails to take account of the existing general law providing for holdover, with which it must be assumed that the legislature intended that the present act conform, and, hence, the two must be construed in pari materia. We are not without the benefit of precedent on the point now under consideration. In a case where the vital and fundamental facts were substantially the same as those with which we are now dealing this court upheld as valid an appointment during a fixed four-year term. *Milton* v. *Mitchell,* 139 *Ga.* 614 (77 S. E. 821). It is true, as contended by counsel for the respondent, that there were some facts in the case just cited that differed from some of the facts in the present case. In that case there was no incumbent holding over, while here we have an incumbent holding over. That case involved the first term under the act. The term here is not the first term under the present act. In that case all the four-year terms subsequent to the first four-year term were to be filled by an election, while here each four year term must be filled by appointment. The points in common, however, which go to the very bottom of the case are that in each case the terms were fixed at exactly four years. In each case the term involved was a four-year term,

which the law provided must be filled by appointment, and the appointing power conferred by each statute was expressly restricted to an appointment for a term of four years, and in each case the appointment which was brought in question and challenged as invalid was one made some time after the beginning of the four-year term for which it was made. The decision there held the appointment legal and valid and requires a ruling here that the appointment of Rogers was legal and valid. While in that case at the time of the appointment which was held valid the office was not occupied by a holdover from a previous term, it was occupied by an appointee of the Governor, and such appointee was entitled to continue in the office until a successor was legally appointed and qualified. In the present case Judge Roan was under the law entitled to occupy the office and to continue such occupancy until Rogers was legally appointed and qualified, and at that point it was his duty to yield possession of the office, and his continued occupancy was unauthorized under the law.

The application to file and the information in the nature of quo warranto and the answers of the respondent showing the facts as recited in this opinion, the application to file and the information were not subject to demurrer, and the responses presented no defense and were subject to demurrer. While the relator's application must be verified (*Harris* v. *Pounds,* 66 *Ga.* 123; *McWilliams* v. *Jacobs,* 128 *Ga.* 375, 57 S. E. 509), this can be done by amendment. *Shaw* v. *DeVane,* 169 *Ga.* 702 (151 S. E. 347). There was no error in overruling the demurrers of the respondent and the motion to set aside the order allowing the information to be filed and in sustaining the relator's demurrer to the response. The facts alleged in the information were not disputed by the respondent after the response was stricken, and, hence, there were no issues of fact which under the Code, § 64-205, must be tried by a jury, and under Code, §§ 64-203 and 64-204, it was proper for the trial judge to enter judgment on the pleadings. The facts demanded the judgment rendered except that the language in the judgment might require more of the respondent than is required of him under Code, § 64-202. Accordingly, the judgment is affirmed with direction that it be modified so as to conform with the provisions of Code, § 64-202.

*Judgment affirmed, with direction. All the Justices concur.*