## CAMP *v.* TRAPP *et al.*

No. 17920. SUBMITTED JUNE 10, 1952—DECIDED JULY 14, 1952—
REHEARING DENIED JULY 29, 1952.

*Maddox & Maddox* and *R. L. Scoggin,* for plaintiff in error.

HEAD, Justice. ■ The demurrers of the respondent attacked the application for leave to file upon the ground that it was not verified as required by law. There appears in the record an affidavit by the applicants, following the rule nisi issued by the judge, and the process issued by the clerk, in which the applicants say that "the facts set forth in the above and foregoing petition for quo warranto are true." Clearly, this affidavit was intended as a verification of the facts alleged in the petition, and it is not in compliance with the rule set forth in *Harris* v. *Pounds,* 66 *Ga.* 123, *McWilliams* v. *Jacobs,* 128 *Ga.* 375 (57 S. E. 509), and *Roan* v. *Rogers,* 201 *Ga.* 696, 705 (40 S. E. 2d, 551), to the effect that the application for leave to file must be positively verified.

The ruling in *Milton* v. *Mitchell,* 139 *Ga.* 614 (77 S. E. 821), is not in conflict with the above authorities. There the information was brought by one seeking to establish his right to a public office against an alleged usurper. It was held that in such instance it is not essential that a rule nisi should be first granted, calling on the respondent to show cause why the information should not be filed against him. In the *Milton* case the allegations of fact in the information were positively verified, and the *Milton* case is in accord with the rule that the information in a quo warranto proceeding must be positively verified. A different ruling is not required under decisions of this court to the effect that a petition for extraordinary equitable relief, not properly verified as required by the Code, will not be dismissed on general demurrer. *Harper* v. *Atlanta Milling Co.,* 203 *Ga.*

608, 610 (48 S. E. 2d, 89). Quo warranto is a statutory remedy, and under the decisions of this court the application for leave to file an information must be positively verified. However, the failure to verify the application for leave to file is amendable at any time prior to, or at the hearing. *Shaw* v. *DeVane*, 169 *Ga.* 702 (151 S. E. 347).

The petition as finally amended was not subject to the special demurrers of the respondent.

■ From the agreed statement of facts it appears that the relators relied upon an alleged change in the district lines of the 1120th District G. M. of Floyd County to support their contention that the respondent is illegally holding her office. Extracts from the minutes of the Board of Commissioners of Roads and Revenue of Floyd County are set out, from which it appears that, at the July meeting in 1932, the board of commissioners passed a resolution in which it was recited that it was deemed by the board "to be necessary and expedient to change and re-establish the lines of the 919th District of Floyd County, Georgia, (Rome District)."

The plural will include the singular where it otherwise appears that only the singular was intended. Code, § 102-102. This is not a case, however, where the commissioners were instructed to relocate the lines between the 919th and 1120th Districts of Floyd County, even if such a change might be authorized by the law. The Board of Commissioners of Roads and Revenue deemed it "expedient to change and re-establish the lines of the 919th District," and the three citizens appointed as commissioners to re-establish the lines were instructed "to lay out and define the lines" of the district as re-established. The return of the commissioners appointed recites that they have "laid out and defined the lines as follows, to wit: Thence westerly along the bank of Horseleg Creek," etc. This recital does not show any point of beginning, nor does the purported description "close" so as to include within the description any territory to be known as the 919th District of Floyd County. The return of the commissioners appointed to re-establish the lines of the district is not in accord with the order of the Board of Commissioners of Roads and Revenue for the re-establishment of the district lines of the 919th District, and the return is not in accord with the requirements of the Code, Chapter 23-2.

The stipulation of facts recites that the Board of Commissioners of Roads and Revenue of Floyd County has continued to recognize the district lines as they existed prior to the proceedings to re-establish the lines of the district. The public would not be estopped by any subsequent acts of the board of commissioners in recognizing the old line between the two districts as the correct dividing line, had the district lines been changed in compliance with the requirements of law. Code, § 89-903.

Under the proceedings set forth in this case, the purported change in the line between the two districts is void, and the court erred in declaring the respondent's office vacant.

*Judgment reversed. All the Justices concur, except Atkinson, P.J., not participating.*