## DORSEY *et al.* vs. ANSLEY *et al.*

In all cases where an application is made for leave to file an information in the nature of a *quo warranto*, the presiding judge may look to the relations which the parties applying sustain to the matter to be inquired into; and if the facts show that the applicants have been guilty of such conduct as precludes them from making the inquiry, they will be estopped, and their application denied.

(a.) The charter of a town provided for an election for councilmen on the third of January; under a mistake of law, the council, then in office, ordered an election to take place on January 7, and it was so advertised for ten days; at the election, four of the then incum-

bents and one other person (who are the relators) offered them-
selves for election and were defeated, all or nearly all of the voters
of the town taking part in the election; two days afterwards, the
incumbents ordered another election to take place on the 14th of
the month; this took place after five days' notice; only seven votes
were cast, and relators were elected:

*Held,* that the relators are estopped by their conduct, and an appli-
cation from them for leave to file a petition in the nature of a *quo
warranto* was properly refused.

April 15, 1884.

Municipal Corporations. *Quo · Warranto.* Estoppel.
Before Judge FAIN. Bartow Superior Court. January
Term, 1884.

Reported in the decision.

GRAHAM & GRAHAM, for plaintiffs in error.

M. R. STANSELL, for defendants.

BLANDFORD, Justice.

The plaintiffs in error filed their petition, asking for leave
to exhibit an information in the nature of a *quo warranto*
against the defendants in error, who were exercising the
functions and offices of councilmen of the town of Tay-
lorsville, in which they alleged that respondents had been
elected such councilmen on the seventh day of January,
1884, which election was illegal, as they alleged, because
by the charter of said town, the election should have been
held on the first Thursday in January, 1884, which was
the third day of that month; and that they were elected
at an election held, after due advertisement, on the·14th
day of January, 1884.

At the hearing of this petition, it was shown that the
election, held on the 7th day of January, was by order of
the then board of councilmen, and the same was adver-
tised for ten days; that four of this board and one other
person, who are the relators, were candidates for election

to the office of councilmen, and were voted for; that respondents were also candidates and were elected. This election was full—nearly all, if not all, the legal voters participating therein. Two days after this election, the old board of councilmen, four of whom had been candidates for re-election and defeated, ordered another election to take place on the 14th of January, five days' notice being given of this election. At this last election, the relators were elected, only seven persons voting at this election. Under these facts, the presiding judge refused the application, and dismissed the same. This ruling of the court is excepted to, and error is assigned here on said exception.

We think the judge was right, under the facts of this case, to refuse the information. While the law required the election to be held on the first Thursday in January, yet when the council, under a mistake of the law, directed an election to be held on the 7th of January, four days later than that fixed in the charter, but this election was held under ample notice, fairly, in which the voters of the town participated, no objection being made by any one, and the relators themselves being candidates, four of whom ordered the election, public policy requires that they should be estopped from contesting this election.

While the public are interested in the question as to who should exercise a public office, these relators, who claim these offices, are by their own acts estopped from denying the legality of the election of respondents; and in all cases where an application is made for leave to file an information in the nature of a *quo warranto*, the presiding judge may look to the relation which the parties applying sustain to the matter to be inquired into, and if the facts show that the applicants have been guilty of such conduct on their part as precludes them from making the inquiry, they will be estopped and their application denied. Code, §782 *et seq.;* 63 *Ga.*, 592, 207: 44 *Ga.*, 497; High, 629;

33 N. J. L., 195; 88 Ill., 537; Dillon Munic. Cor., Sec. 899, 900; 3 Tenn. R., 573; 4 *Id.*, 223; 1 East, 38; 1 Barn & Adolph., 684, 690.

Let the judgment of the court below be affirmed.