## McDONOUGH *et al.* *v.* BACON *et al.*

1. Proceedings in the nature of quo warranto are not the proper remedy for official misconduct; and where certain persons constituting the board of commissioners of a named county, who had been duly elected and qualified as members of the board, there being no question as to their title to the office, were charged with certain acts of malpractice in office and official misconduct, which did not ipso facto work a forfeiture of the office, such proceedings were not the proper remedy for trying the question as to whether or not they had been guilty of the malpractice and official misconduct charged, and to oust them from office in case their guilt were ascertained.
2. Under the ruling announced in the foregoing headnote, the judge did not err in refusing leave to file the petition and information in the nature of a writ of quo warranto, presented him by the plaintiffs in error.

MARCH 10, 1915.

Application for quo warranto. Before Judge Charlton. Chatham superior court. July 8, 1914.

John J. McDonough and W. W. Aimar, alleging that they were citizens and taxpayers of Chatham county, presented to the judge of the superior court an application for leave to file a petition in the nature of a writ of quo warranto against Oliver T. Bacon and others, constituting the board of commissioners of Chatham county. The application was accompanied by an information which contained three counts, in each of which it was alleged that the commissioners had forfeited their office, and prayed that they might be removed therefrom. The first count was based upon an alleged violation of § 393 of the Civil Code, which contains, among other things, a prohibition against the making of certain purchases, under circumstances in said section specified, by any county commissioner or board of county commissioners. The second count was based upon an alleged violation of §§ 387-389 of the Civil Code, and charged that the commissioners had themselves executed public works costing more than $300, instead of having the work done by contract; and this was alleged to constitute malpractice and misconduct in office. The third count charged, that, without contract in writing entered on their minutes, the commissioners had authorized the payment of certain sums of money from the county funds. The judge refused leave to file the application and information; and declined to issue a rule to show cause why leave should not be given to file such proceedings, holding that quo warranto was not the remedy in regard to the matters complained of in the application. This judgment was excepted to by petitioners.

*George H. Richter,* for plaintiffs.

*Anderson, Cann & Cann,* for defendants.

BECK, J. (After stating the foregoing facts.) We are of the opinion that the court correctly held that the petitioners, the plaintiffs in error here, were not entitled, upon the petition presented, to leave to file an information in the nature of a writ of quo warranto against the defendants. Section 5451 of the Civil Code reads: "The writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging, but must be granted at the suit of some person either claiming the office or interested therein." But the writ of quo warranto is not the remedy to oust one holding an office who has been elected and inducted therein. There is no denial in the petition or the information that the defendants were duly elected and inducted into the office from which it is sought to oust them. Nor does the commission of the acts which are charged against them ipso facto determine the period of their office. They did not cease to be public officers by the commission of those acts, and by the continuance of the discharge of the duties of the office they were not guilty of any act of usurpation. It is true that malpractice in office and certain acts of official misconduct are charged against the defendants, but these acts of malpractice and official misconduct do not render the writ of quo warranto, or information in the nature thereof, the appropriate remedy for the evils complained of in the petition and in the statement of facts called an information, accompanying the petition, which plaintiffs in error sought leave to file. In High's Extraordinary Legal Remedies, § 618, p. 573, it is stated: "Since the remedy by quo warranto, or information in the nature thereof, is employed only to test the actual right to an office or franchise, it follows that it can afford no relief for official misconduct, and can not be used to test the legality of the official action of public or corporate officers. Thus, in the case of breaches of trust alleged to have been committed by trustees of an incorporated association, relief should properly be sought in equity, and not by proceedings in quo warranto." The latter statement of this quotation is based upon the authority of a Georgia case, *Dart* v. *Houston,* 22 *Ga.* 506. And the rule stated in the first part of the passage quoted seems to be the general one, though here and there are to be found dicta in the decisions of some of the courts which

seem to impinge upon it. Authorities discussing the rule can be found cited in a note to the passage quoted. The court below properly held that quo warranto was not the remedy under the facts alleged in the plaintiffs' petition. In so ruling, we have not overlooked the provisions of § 394 of the Civil Code, which provides that any county official violating the provisions of the preceding section (§ 393, that being one of the sections hereinabove referred to, which it is charged the defendants violated). shall be removed from office upon proceedings instituted by any taxpayer in said county; but the ruling made in this decision goes to the extent of holding that the proceedings sought to be instituted were not the · proper proceedings.

Having taken the view of the case announced above, it is unnecessary to consider and pass upon another question raised by the defendants, as to whether or not the proceedings should have been instituted in the name of the solicitor-general of the circuit in which Chatham county is, or in the name of the attorney-general of the State. In this connection see High's Extraordinary Legal Remedies, § 697, p. 653; also § 489, Mechem's Public Offices and Officers.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*