WALLACE, clerk, *v.* THE STATE.

Where a petition in the nature of a rule is filed by the solicitor-general against a clerk of the superior court on the gound specified in § 4897 of the Civil Code of 1910, and where no question is raised which, under the constitution of the State, would confer jurisdiction upon the Supreme Court, the Court of Appeals, and not the Supreme Court, has jurisdiction of such case, where a writ of error is sued out to the overruling of a motion for new trial by the trial judge.

No. 3597. APRIL 10, 1923.

Removal from office.  Before Judge Custer.  Lee superior court. December 9, 1922.

*Wallis & Fort,* for plaintiff in error.

*Jule Felton, solicitor-general,* contra.

HILL, J.  Jule Felton, as solicitor-general of the Southwestern Circuit, filed a petition in the nature of a rule against G. A. Wallace, clerk of the superior court of Lee County; and prayed " that a rule nisi may be issued and served upon the respondent three days before the trial, and that issue may be formed and tried before a jury as required by law, and that such judgment be rendered touching the removal of said clerk such as the return of said jury may justify." The petition was brought for the removal of the clerk under § 4897 of the Civil Code of 1910, which is as follows: " They [clerks] are subject to be removed from office by the judge of the said court, for any sufficient cause, including incapacity or misbehavior in office, charges for which must be exhibited to the court in writing, and the facts tried by a special jury, such clerk being entitled to a copy of the charges three days before trial." The clerk both demurred to and answered the petition. The case was tried by a special jury, who returned a verdict against the clerk on all the issues except one; whereupon the court made the following order: " The issue in said case having been submitted to a special jury, which rendered a verdict sustaining all the charges alleged except one, the clerk of the superior court of Lee County is hereby removed, to wit, G. A. Wallace, and the said office declared vacant." The clerk G. A. Wallace filed a motion for a new trial upon various grounds, which was overruled, and he excepted.

Art. 6, sec. 2, par. 5, of the constitution of the State of Georgia (Civil Code of 1910, § 6502), as amended in 1916 (See Acts 1916, p. 19), defines the jurisdiction of the Supreme Court as follows: " In all cases that involve the construction of the constitution of the State of Georgia or of the United States, or of treaties between the United States and foreign governments; in all cases in which the constitutionality of any law of the State of Georgia or of the United States is drawn in question; and, until otherwise provided by law, in all cases respecting titles to land; in all equity cases; in all cases which involve the validity of or the construction of wills; in all cases of conviction of a capital felony;

in all habeas-corpus cases; in all cases involving extraordinary remedies; in all divorce and alimony cases; and in all cases certified to it by the Court of Appeals for its determination," etc. From an examination of the petition, demurrer, answer, and motion for new trial, no question is raised which brings the case within any of the above provisions of the constitution conferring jurisdiction upon the Supreme Court. It appears, therefore, that the Court of Appeals, and not the Supreme Court, has jurisdiction of the case; and it is accordingly transferred to that court.

*All the Justices concur.*