BLAKE *v.* MIDDLEBROOKS.

No. 11281. MAY 15, 1936.

*Douglas, Andrews & Cole,* for plaintiff.
*E. Harold Sheats,* contra.

BELL, Justice. Harrison Blake presented to the superior court an application for leave to file an information in the nature of a quo warranto, to inquire into the right of W. P. Middlebrooks to hold the office of recorder of the City of East Point. It was stated in the application that Middlebrooks was elected to the office on January 7, 1936, but that he was ineligible to hold the office because he had not resided in that city for the two years next preceding his election. The applicant alleged that he was a citizen, taxpayer, and resident of the City of East Point. The application was filed in behalf of himself and all others similarly situated. It was duly verified, and contained a prayer that the accompanying information be filed, and that the writ of quo warranto be issued, calling upon Middlebrooks to show cause why he should not be ousted from office on account of his ineligibility. The information which the applicant sought to have filed contained similar allegations. The court passed the following order: "On showing made, and considering petition proposed to be filed, leave to file proceed-

ing in nature of quo warranto is denied." To this order the applicant excepted. Unless some inference to the contrary may be deduced from the order itself, the application was refused merely upon inspection of the pleadings; that is, the application and the accompanying information.

The charter of the City of East Point declares that "The recorder shall be at least 25 years of age, and who shall have resided for two years next preceding his election in the City of East Point, who shall have be a qualified voter therein." Ga. L. 1912, pp. 862, 884, § 35. In the brief filed by the defendant it is stated that a hearing was instituted, at which time the parties and their attorneys were present; that the appearance of the respondent indicated that he was a man some 40 years of age; and that his attorney stated in open court and in the presence of counsel for the complainant that the respondent had been reared in the City of East Point and had lived there ever since he was five or six years of age. None of these facts were shown in the bill of exceptions, and there is no independent record. The language of the order does not indicate that any such hearing was had, the more reasonable construction being that it was based upon the pleadings alone. The words "showing made" apparently referred to the application; and whatever may be the real truth of the matter, this court is unable to construe the order as meaning that the court refused the application because of evidence submitted. If the allegations made by the applicant are true, the respondent had not resided in the City of East Point for two years next preceding his election; and so under the charter he was ineligible to hold the office in question. The pleadings thus alleged sufficient ground for issuing the writ of quo warranto. It was not necessary to the statement of a cause of action that more than one ground of ineligibility should be alleged, and the failure to allege others does not by construction negative the one alleged. A judgment denying permission to file a petition and information in the nature of quo warranto is similar to a judgment sustaining a general demurrer. The court erred in denying leave to file the application. *Garrett* v. *Cowart,* 149 *Ga.* 557 (101 S. E. 186); *Culbreth* v. *Cannady,* 168 *Ga.* 444 (148 S. E. 102).

*Judgment reversed. All the Justices concur.*