## McCoy *v.* The State.

DUCKWORTH, Justice. 1. After the accused has been convicted of the crime of which he was charged, and has made a motion for a new trial, and the judgment denying it has been affirmed by this court, when an extraordinary motion for a new trial is made, based on the ground of newly discovered evidence, it should be made to appear that such evidence is so material that it would probably produce a different result on another trial. *Young* v. *State*, 56 *Ga.* 403 (4) ; *Rogers* v. *State*, 129 *Ga.* 589 (59 S. E. 288) ; *Brown* v. *State*, 141 *Ga.* 783 (82 S. E. 238).

2. Such an extraordinary motion is addressed to the sound discretion of the trial judge, and a refusal to sustain it will not be reversed unless such discretion is abused. *Brown* v. *State*, supra.

3. A consideration of the evidence produced on the trial is necessary to determine whether the alleged newly discovered evidence would be likely to produce a different result; and since the present record does not contain a brief of such evidence, it can not be said that the judge abused his discretion in refusing to sustain the motion.

*Judgment affirmed. All the Justices concur.*

No. 13975. JANUARY 13, 1942. REHEARING DENIED FEBRUARY 13, 1942.

*Paul W. Hughes* and *Alton T. Milam,* for plaintiff in error.

*Ellis G. Arnall,* attorney-general, *John A. Boykin,* solicitor-general, *Quincy O. Arnold, Durwood T. Pye, E. J. Clower* and *C. E. Gregory,* assistant attorneys-general, contra.