## WALKER v. HAMILTON.

No. 18192.   Argued April 13, 1953—Decided May 11, 1953.

*B. H. Barton,* for plaintiff in error.

*Harris, Chance & McCracken, Congdon, Harper & Leonard, Cumming, Nixon & Eve, Pierce Bros.* and *Fulcher, Fulcher & Hagler,* contra.

Duckworth, Chief Justice.   The law authorizes a direct bill of exceptions to a judgment denying an application to file an information in the nature of a quo warranto. *McWilliams* v. *Jacobs,* 128 *Ga.* 375 (57 S. E. 509); *Overton* v. *Gandy,* 170 *Ga.* 562 (153 S. E. 520).   In order to maintain such proceedings to

test the title to public office, one must have some interest in the office. While a claimant to the office has such an interest, it is not essential that one be a claimant, but is sufficient if he be a resident or a taxpayer of the municipality where the office in question is that of mayor of such municipality. *Churchill* v. *Walker*, 68 *Ga.* 681; *Davis* v. *City Council of Dawson*, 90 *Ga.* 817 (17 S. E. 110); *Whitehurst* v. *Jones*, 117 *Ga.* 803 (45 S. E. 49); *McDuffie* v. *Perkerson*, 178 *Ga.* 230 (173 S. E. 151).

But the ancient writ of quo warranto, which was in the nature of a writ of right, has been materially modified by statute in Georgia. By this modification there no longer exists a writ of right, but a prerequisite to the maintenance of an information in the nature of a quo warranto is leave of the court, granted on application therefor in the exercise of a sound discretion, to file the proposed information. *Stone* v. *Wetmore*, 44 *Ga.* 495; *Collins* v. *Huff*, 63 *Ga.* 207; *Harris* v. *Pounds*, 66 *Ga.* 123; *Dorsey* v. *Ansley*, 72 *Ga.* 460; *McWilliams* v. *Jacobs*, 128 *Ga.* 375 (supra). However, our statutes do not prescribe the specific procedure that must be followed in such cases. *Milton* v. *Mitchell*, 139 *Ga.* 614 (77 S. E. 821); *Garrett* v. *Cowart*, 149 *Ga.* 557 (101 S. E. 186); *Culbreth* v. *Cannady*, 168 *Ga.* 444 (148 S. E. 102). In *Milton* v. *Mitchell*, it was held that the judge was authorized in that case to pass upon the positively verified application without issuing a rule nisi and affording an opportunity to be heard. And in *Culbreth* v. *Cannady* and *Blake* v. *Middlebrooks*, 182 *Ga.* 500 (185 S. E. 786), it was held that in those cases, where the judge passed upon the application for leave to file without hearing evidence, the judgment was similar to a judgment on a general demurrer to the pleadings. But in *Dorsey* v. *Ansley*, 72 *Ga.* 460 (supra), it was expressly stated that the judgment denying leave to file was authorized by a consideration of the position of the applicant and the facts in the case.

The foregoing demonstrates a confused state of the law in reference to precisely what the judge to whom an applicant to file an information is authorized to do or consider in exercising the discretion which the law requires. We believe, therefore, that it will be beneficial to both the bench and the bar to here consider the basic purpose in providing for such rather cumbersome procedure, and thus arrive at a clear-cut and plain state-

ment of precisely what the trial judge is authorized to consider in passing on such applications. If all that the law seeks to ascertain as a prerequisite to filing the information is whether or not it contains allegations sufficient to state a cause of action, this could be settled by ruling on demurrer or motion to dismiss the same. We think it perfectly reasonable to assume that the object of the law is to avoid having title to a public office brought in question by persons having no interest therein or by false allegations. If such be the purpose of the law, then obviously the trial judge, who is responsible for upholding this purpose and who is required to exercise a sound discretion, should be entitled to hear and consider evidence as a basis for his judgment. Indeed there is no place for the exercise of a discretion in ruling upon questions of law or upon undisputed facts, since discretion means the acceptance of either of two contradictions. We therefore hold that in all cases of applications to file an information in the nature of a quo warranto the judge to whom it is presented is authorized to issue a rule to show cause why it should not be granted, and upon a return of the rule to hear and consider evidence relevant to the matter involved.

The judgment denying leave to file in the instant case expressly states that it was rendered after a hearing and consideration of evidence. A review of such a judgment demands a consideration of the evidence upon which that judgment was based, even under Code (Ann. Supp.) § 70-301.1 (Ga. L. 1947, p. 298). There is no brief of evidence in this record, and in response to inquiries from the court on the oral argument counsel for the plaintiff in error stated that no brief of evidence had been approved by the trial judge and filed in the lower court. Since the burden is on the plaintiff in error to show error, and this can be done only by presenting a brief of evidence, the judgment excepted to must be affirmed. *McCoy* v. *State,* 193 *Ga.* 413 (18 S. E. 2d, 684).

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*