### 19687. WEBB *v.* WALKER.

WYATT, Presiding Justice. 1. The bill of exceptions in this case recites, "no evidence was introduced by either party with respect to the said plea of res adjudicata." The judgment signed by the trial judge sustaining the plea of res judicata is a part of the record. The judgment contains this recital, "After hearing evidence and argument of counsel of both sides . . ." "Where there is a conflict between the recitals in a bill of exceptions and the record, the record must prevail." *Saliba* v. *Saliba,* 201 *Ga.* 681 (1) (40 S. E. 2d 732). "There is no brief of evidence in this record, and in response to inquiries from the court on the oral argument counsel for the plaintiff in error stated that no brief of evidence had been approved by the trial judge and filed in the lower court. Since the burden is on the plaintiff in error to show error, and this can be done only by presenting a brief of evidence, the judgment excepted to must be affirmed. *McCoy* v. *State,* 193 *Ga.* 413 (18 S. E. 2d 684)." *Walker* v. *Hamilton,* 209 *Ga.* 735, 738 (76 S. E. 2d 12). Since there is no brief of evidence of record in this case, and it is admitted that there is none on file in the lower court, applying the ruling above quoted, the judgment sustaining the plea of res judicata must be affirmed.

2. The plaintiff in error attempts to assign error on the failure of the trial judge to rule on the demurrers to the plea of res judicata. We know of no authority for assigning error on the failure of a trial judge to rule on a demurrer. When he acts, error may be assigned on his action, but until he does something, there is no basis for an assignment of error. The plaintiff in error has cited no authority for his position, and we have been unable to find any. We conclude, therefore, there is no such authority.

3. The motion for diminution of the record will not be considered for the reason that the record requested could have no bearing on the rulings here made.

4. From what has been said above, it follows, the judgment of the trial court must be

*Affirmed. All the Justices concur.*

ARGUED MAY 13, 1957—DECIDED JUNE 10, 1957.

*Daniel Duke,* for plaintiff in error.

*Preston Rawlins, J. B. O'Connor, Powell, Goldstein, Frazer & Murphy,* contra.