### 26821. BELCHER et al. v. HARRIS et al.

NICHOLS, Justice. This appeal arises from a judgment of the superior court dismissing a complaint in which it was sought to have declared vacant all offices of the executive committee of the American Party (a political body hereinafter referred to as the party), because of the incumbents having been "derelict and grossly negligent in failing to carry out their duties as specified by the party's charter and 'Rules and Regulations.'" The specific acts in the complaint were the failure of the chairman to call any meeting of the executive committee in 1970 in accordance with the rules and regulations of the party, which require two such meetings to be called each year. Copies of the party's charter, rules and regulations, and written demands of the plaintiffs were attached as exhibits to the complaint. *Held:*

Under decisions exemplified by *Morris v. Peters,* 203 Ga. 350 (2) (46 SE2d 729); *Ritchie v. Barker,* 216 Ga. 194 (3) (115 SE2d 539), the provisions of the Code dealing with writs of quo warranto or information in the nature thereof will lie to inquire into the right of any person to the office allegedly held in a political body. Thus, the real question involved in the present appeal is whether the allegations of the plaintiffs' complaint set forth a claim upon which relief may be had.

The complaint shows that the defendants were "all duly elected as aforesaid and took office at the time of formation, that is, on April 4, 1968. Since that time, however, all defendants have been derelict and grossly negligent in failing to carry out their duties as specified by the party's charter and 'Rules and Regulations.'" The mem-

bers of the executive committee "shall be selected by a majority vote at the convention of the party held every four years." Under such showing of the plaintiffs' complaint, the defendants are legally holding the office sought to be declared vacant. Unless the provisions of Code § 89-501 (7), which declare that a public office may become vacant as the result of the incumbent "abandoning the office and ceasing to perform its duties, or either" are applicable to the present case, and unless under allegations of the complaint it could be held that such an abandonment has taken place, the complaint fails to state a claim upon which relief may be granted.

Under the decisions cited above the provision of the Code providing for the abandonment of a public office must be construed as applying to an office in a political body.

Only the chairman of the party is charged with any express conduct which it could be contended amounted to an abandonment of office, to wit: The failure to call a meeting of the executive committee during the calendar year of 1970. The rules and regulations of the party place this responsibility on the chairman and such rules and regulations do not provide for any meetings to be called upon the request or demand of any other member or members of the executive committee. Accordingly, the complaint fails to state a claim upon which relief may be granted as to the members of the executive committee other than the chairman. The relief sought being, to wit: To have all offices declared vacant, the appointment of one of the plaintiffs as temporary chairman of the party, authority to call a State convention, and the payment of all funds of the party into the registry of the court.

As to the office of chairman, the vice chairman would automatically be elevated to such office under the rules and regulations of the party in the event a vacancy should exist.

All allegations of the complaint, save the one relating to failure to call meetings of the executive committee during 1970, relate to alleged misconduct on the part of the

chairman and are not grounds to show abandonment, and a charge of misconduct is not ground for the issuance of a writ of quo warranto. See *McDonough v. Bacon,* 143 Ga. 283 (84 SE 588); *Patten v. Miller,* 190 Ga. 123 (1c) (8 SE2d 757).

The complaint, as to the chairman, presents a fact question as to abandonment. A duty is placed upon him by the rules and regulations of the party to call two meetings of the executive committee annually. It is alleged that this was not done. Whether such conduct, under all the facts and circumstances that may be shown upon a trial of such issue, was an abandonment of the office by the chairman presents a question of fact and the complaint set forth a claim upon which relief could be had by the plaintiffs. It was error to dismiss the claim upon the ground that it fails to set forth a claim upon which relief could be granted.

*Judgment reversed. All the Justices concur.*
ARGUED NOVEMBER 9, 1971—DECIDED NOVEMBER 18, 1971.

*Ballard & Thigpen, W. D. Ballard,* for appellants.
*Alex McLennon, Roy V. Harris, Alan Kemper,* for appellees.