S09A0762. RICHARDSON v. PHILLIPS.

(677 SE2d 117) ·

CARLEY, Justice.

Bobby Richardson, Sr., a resident of Miller County, filed a complaint seeking to remove county commissioner Frankie Phillips from office. In the complaint, Richardson alleges that Ms. Phillips transacted business with the County in violation of a local act which prohibits county officers from having a financial interest in any contract to which the County is a party, and which provides for their removal from office in accordance with the provisions of OCGA § 36-1-14. The parties filed opposing motions for summary judgment. After a hearing, the trial court denied summary judgment to Richardson and granted summary judgment to Ms. Phillips. Richardson filed a notice of appeal in which he contends that this Court has jurisdiction over the case because it involves an action seeking the remedy of quo warranto.

"Quo warranto is an extraordinary remedy which exists solely by virtue of statute. [Cits.]" *Anderson v. Flake*, 267 Ga. 498, 500 (1) (480 SE2d 10) (1997). A petition for quo warranto may be filed only by leave of court. OCGA § 9-6-60; *Anderson v. Flake*, supra at 499, fn. 1; *Walker v. Hamilton*, 209 Ga. 735, 737 (76 SE2d 12) (1953). Such a petition can be brought by a citizen and taxpayer to challenge a public official's qualifications to hold office. *Bruce v. Maxwell*, 270 Ga. 883 (515 SE2d 149) (1999); *McDonough v. Bacon*, 143 Ga. 283, 284 (84 SE 588) (1915). However, quo warranto is not a proper remedy for misconduct committed while in office. *Belcher v. Harris*, 228 Ga. 387, 389 (185 SE2d 771) (1971); *Turner v. Wilburn*, 206 Ga. 149, 152-153 (56 SE2d 285) (1949). Indeed, it has been specifically

held that quo warranto is not a proper remedy for a violation of what is now OCGA § 36-1-14. *McDonough v. Bacon*, supra.

In this case, it does not appear from the record that Richardson ever obtained leave of court to file a quo warranto petition. Moreover, even if he did properly get permission to file the petition, he has not challenged Ms. Phillips' qualifications to hold office, but has alleged that she committed misconduct while in office and should be removed in accord with OCGA § 36-1-14. Since the extraordinary remedy of quo warranto is not an appropriate remedy in such a case, this Court does not have jurisdiction on that basis. Moreover, there does not appear to be any other basis for this Court to exercise jurisdiction. See Ga. Const. of 1983, Art. VI, Sec. VI, Pars. II, III. Accordingly, this case must be transferred to the Court of Appeals. *Wallace v. State*, 155 Ga. 414 (117 SE 243) (1923) (case involving removal of superior court clerk from office due to misconduct not within this Court's jurisdiction, and thus transferred to Court of Appeals). See also *Palmer v. Wilkins*, 163 Ga. App. 104 (294 SE2d 355) (1982) (case directly appealed to Court of Appeals where taxpayers sued to remove county commissioner under prior version of OCGA § 36-1-14).

*Transferred to the Court of Appeals. All the Justices concur.*

DECIDED MAY 4, 2009.

*William D. Hall, David A. Webster*, for appellant.
*O'Quinn & Cronin, Michael A. O'Quinn*, for appellee.