S09A1354. EVERETTEZE et al. v. CLARK.
(685 SE2d 72)

HUNSTEIN, Chief Justice.

Appellee John Clark, a citizen and taxpayer of Fulton County, filed a complaint against 104 members of the Fulton County Boards of Equalization (BOE), challenging the qualifications and validity of appointments of such BOE members, and against Fulton County Superior Court Clerk Cathelene Robinson, alleging that Robinson had failed to comply with certain requirements regarding public notice of BOE appointments. As relief, Clark sought a writ of quo warranto revoking the named BOE members' appointments; an interlocutory injunction preventing such BOE members from hearing any tax appeals during the pendency of the suit; and an injunction or mandamus compelling Robinson's compliance, with

respect to BOE appointments, with the public notice requirements of OCGA § 15-12-81. Following discovery, Clark moved for summary judgment and separately moved to dismiss from the suit various defendants whose appointments had expired or been otherwise terminated since initiation of the suit. Following a hearing, the trial court granted Clark's motions, issuing a writ of quo warranto, and in the alternative a permanent injunction, prohibiting each of the remaining 33 BOE members from serving on the BOE until such time as each such individual has satisfied all statutory requirements as prescribed in OCGA § 48-5-311 for appointment thereto. The court also issued a writ of mandamus, and alternatively a mandatory permanent injunction, requiring Robinson, pursuant to OCGA § 15-12-81, to publish notice of BOE appointments in the official county organ. Appellants appealed the trial court's order to the Court of Appeals, which transferred the case to this Court.

1. "The writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging." OCGA § 9-6-60. Though appellants contend that BOE members are not "public officers" within the meaning of the quo warranto statute, we find this argument unpersuasive.

"A public officer is any 'individual who has a designation or title given him by law, and who exercises functions concerning the public assigned to him by law. . . .' [Cit.]" *Brown v. Scott*, 266 Ga. 44, 45 (1) (464 SE2d 607) (1995). Attributes of a public officer include official duties and powers, oath, compensation, duration, and tenure. *Morris v. Peters*, 203 Ga. 350 (1) (46 SE2d 729) (1948); *McDuffie v. Perkerson*, 178 Ga. 230 (3) (173 SE 151) (1934). BOE members, who are appointed in a manner prescribed by law, OCGA § 48-5-311 (c), possess all of these attributes: the statutorily prescribed duty and power to hear and determine appeals from tax assessments and denials of homestead exemptions, and to establish procedures for conducting such appeals, id. at (d); a required oath, id. at (c) (5); a fixed three year term of office, id. at (c) (1); and statutorily required compensation. Id. at (k). Thus BOE members are clearly public officers subject to quo warranto. See, e.g., *Brown*, supra at 45 (1) (juvenile intake officer is a public officer); *Smith v. Mueller*, 222 Ga. 186 (1) (149 SE2d 319) (1966) (members of board of utility commission are public officers); *Stanford v. Lynch*, 147 Ga. 518 (1) (94 SE 1001) (1918) (county board of education member is a public officer). Compare *McDuffie*, supra at 238 (3) (grand jurors, serving for uncertain terms and subject to discharge at any time, not public officers).

2. However, "[a] petition for quo warranto may be filed only by leave of court. [Cits.]" *Richardson v. Phillips*, 285 Ga. 385 (677 SE2d 117) (2009). Accord *Anderson v. Flake*, 267 Ga. 498, 499 (480 SE2d

10) (1997); *Walker v. Hamilton*, 209 Ga. 735, 737 (76 SE2d 12) (1953) ("a prerequisite to the maintenance of an information in the nature of a quo warranto is leave of the court"). It is undisputed that Clark did not seek leave of court prior to filing his complaint. Accordingly, Clark's petition for a writ of quo warranto was subject to dismissal, and the trial court therefore erred in granting the writ.[1]

3. Though the trial court purported to award, in the alternative, a permanent injunction prohibiting the 33 remaining BOE defendants from serving on the Fulton County BOE until they were statutorily qualified, such relief was improper as an alternative to the writ of quo warranto. See *Hagood v. Hamrick*, 223 Ga. 600, 602 (2) (157 SE2d 429) (1967) (equity will not interfere by injunction to determine title to public office because common law remedy of quo warranto is adequate); *Boatright v. Brown*, 222 Ga. 497 (1) (150 SE2d 680) (1966) (injunction proper to restrain public officers from acting illegally but quo warranto exclusive means of challenging title to office). Accordingly, the injunctive relief as to the BOE members must also be reversed.

4. In contrast to our findings as to the claims against the BOE members, we find no error in the trial court's disposition of Clark's claim against Robinson. Appellants contend that the trial court erred by determining that Robinson, as Clerk of Fulton County Superior Court, was required to publish notice of the appointment of BOE members in accordance with OCGA § 15-12-81. That statute, which prescribes the process for providing public notice of the election, selection, or appointment of officials by grand juries, specifically requires "the clerk of superior court, upon receiving notice of the upcoming appointment, to publish in the official organ of the county a notice that certain officers are to be elected, selected, or appointed by the grand jury of the county." Id. at (b). Appellants do not dispute that, as BOE members are appointed by the grand jury, see OCGA § 48-5-311 (c) (2), their appointments are plainly subject to the provisions of OCGA § 15-12-81; rather, appellants contend that the more "specific" notice provisions in the BOE statute trump those more "general" provisions set forth in OCGA § 15-12-81. However, the only notice-related provision found in the BOE statute pertains

---

[1] Contrary to Clark's argument, our opinion in *Nuckolls v. Merritt*, 216 Ga. 35 (114 SE2d 427) (1960) does not establish that pre-filing leave in quo warranto actions is merely a relic of the old rule, prescribed under the former Civil Code and repealed in 1946, requiring "sanction of the judge" prior to filing a petition for extraordinary remedies. *Nuckolls* was a case involving prayers for reformation of title and related equitable relief, id. at 35-36, and, while correctly noting that the general requirement of pre-filing leave for petitions for extraordinary relief has been abolished, it bears no direct relevance to quo warranto actions, the pre-filing leave requirement of which derives from the quo warranto statute itself. OCGA § 9-6-60. See also 25 Encyclopedia of Georgia Law, Quo Warranto, § 8.

to notifying the sheriff regarding BOE appointments to enable the sheriff to serve summons on the individuals appointed. OCGA § 48-5-311 (c) (4). As there is no conflict between this provision and that in OCGA § 15-12-81, there is no basis to invoke the general rules of statutory construction, including that which affords preference to specific provisions over general ones. See generally *Dept. of Transp. v. Ridley*, 244 Ga. 49, 50, n. 2 (257 SE2d 511) (1979) (because statutory provisions not in conflict, no need to employ rules of statutory construction). Thus, we find no error in the granting of mandamus to require Robinson to comply with her mandatory duties under OCGA § 15-12-81.[2]

*Judgment affirmed in part and reversed in part. All the Justices concur.*

DECIDED OCTOBER 19, 2009.

*Vincent D. Hyman, Robert L. Martin, Carmen R. Alexander, Robert D. Ware*, for appellants.

*Proctor Hutchins, Robert J. Proctor, Christopher M. Porterfield*, for appellee.

---

[2] Appellants' assertion that this issue has been mooted by Robinson's "volunteer[ing] to publish notice consistent with OCGA § 15-12-81," and by her actually doing so after the trial court so ordered, is without merit, given that Robinson's duty to comply with the notice requirements is an ongoing one.