297 Ga. 437
FINAL COPY

S15A0521.  JONES v. BOONE.

HUNSTEIN, Justice.

This is an appeal from a trial court's order granting a writ of quo warranto based on that court's conclusion that appellant Ronny Jones was not appointed as attorney for the City of Gordon, Georgia (the "City"), in accordance with the City's charter.  The quo warranto action was initiated by appellee Joseph Boone, who prior to May 21, 2014, had held the position of city attorney in Gordon for 35 years.  For the reasons that follow, we affirm the order granting the writ of quo warranto.

The relevant facts in this case are undisputed.  Under the City's charter, legislative authority is vested in a city council, which is comprised of a mayor and six council members.  Charter of City of Gordon, § 2.10 (a).  Except as otherwise provided in the charter, the affirmative vote of at least four council members is required for the adoption of any motion or resolution.  Id. at § 3.15 (a).  The mayor, who as a general rule presides over city council meetings, is authorized to vote on matters brought before the city council only in those cases

where there is a tie vote, "except that [she] may vote in all elections for officers who are elected by the city council and impeachment or removal proceedings whether there is a tie or not." Id. at § 3.22 (8). With regard to the appointment of a city attorney, the charter expressly provides that the "city council shall appoint a city attorney" who "shall serve at the pleasure of the city council." Id. at § 4.12.

At a May 21, 2014 Gordon City Council meeting presided over by Mayor Mary Ann Whipple Lue, a motion was made to terminate Boone's services for the City as city attorney. The vote on the motion by the council members in attendance was three to two in favor, with one abstention. In the absence of the requisite four votes by council members, the mayor voted in favor of the motion, resulting in a vote of four to two. After some discussion about the immediacy of pending legal matters, Boone's continuing legal and ethical obligations to the City, and the necessity of transferring Boone's files, a motion was made to authorize Mayor Lue to appoint an interim city attorney. The vote on this motion was again three to two in favor, with one abstention; the mayor again concluded that she was authorized to vote and cast her vote in favor of the motion. The following day, Mayor Lue announced that she had appointed Jones

as the new city attorney.[1]

Boone subsequently sought leave to file a petition for writ of quo warranto challenging the validity of Jones' appointment. Boone specifically contended Jones' appointment by Mayor Lue was an ultra vires act because the mayor was not authorized to vote on the May 21, 2014 motions pertaining to the office of city attorney in the absence of a tie vote by city council members. See Charter of the City of Gordon, § 3.22 (8). The trial court agreed, concluding that (1) the "city attorney serves at the pleasure of the council pursuant to section 4.12 of the City Charter"; (2) "the power exercised by the mayor to appoint [Jones] as city attorney was not within the mayor's powers"; and (3) Jones "is not the duly appointed attorney for the City of Gordon, Georgia." Because it determined Mayor Lue did not possess the power to appoint Jones as city attorney, the trial

[1] The minutes of the Gordon City Council's May 21, 2014 meeting reflect that an initial motion was made "to terminate any and all contracts with the city attorney, Joseph Boone," and like the votes on the other related motions, the city council voted three to two to terminate Boone's contracts, causing Mayor Lue to cast her affirmative vote. Boone then pointed out that he had no contract with the City, that he served at the pleasure of the city council, and that a vote of at least four council members would be required for his removal. Later in the meeting, an additional motion was made "repeating" the council's earlier motion to "terminate Attorney Boone's services with the city." The vote on this motion by council members was three to two in the affirmative with the mayor ultimately providing a fourth affirmative vote.

court granted Boone's petition for quo warranto.

1. Jones challenges the procedural posture of Boone's petition for writ of quo warranto, arguing both that Boone did not have standing to seek the writ and that the trial court did not grant Boone the necessary leave to file his petition. We find no merit in these contentions.

Under OCGA § 9-6-60,

> [t]he writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging. It may be granted only after the application by some person either claiming the office or interested therein.

See Milton v. Mitchell, 139 Ga. 614, 617 (77 SE 821) (1913). See also White v. Miller, 235 Ga. 192, 192-193 (219 SE2d 123) (1975) (interested citizen and taxpayer may institute quo warranto proceedings to inquire into right of person to hold public office the duties of which he is discharging); Walker v. Hamilton, 209 Ga. 735, 736-737 (76 SE2d 12) (1953) ("[T]o maintain such proceedings to test the title to public office, one must have some interest in the office. While a claimant to the office has such an interest, it is not essential that one be a claimant, but is sufficient if he be a resident or a taxpayer of the municipality where the office in question is that of mayor of such municipality."). Boone had

4

standing to seek the writ because he claimed the office of city attorney based on the absence of an affirmative vote by four council members to terminate his services as city attorney.[2]  See Milton, supra, 139 Ga. at 617.

Not only did Boone have standing to seek a writ of quo warranto, but in filing his petition he followed a procedure specifically approved by this Court. Both parties concede that a petition for quo warranto may be filed only by leave of court.  See OCGA § 9-6-60; Richardson v. Phillips, 285 Ga. 385, 385 (677 SE2d 117) (2009).  The record demonstrates that Boone filed an "Application for Leave of Court to File an Information in the Nature of a Quo Warranto" in the trial court, which, in turn, issued a rule nisi signed by its clerk of superior court granting Boone leave to file a petition for quo warranto and ordering a show cause hearing for a date certain.  Compare Milton, 139 Ga. at 618-619 ("when the proceedings are instituted for the usurpation of an office claimed by the relator as a matter of right, it has been held to be immaterial whether he proceeds in the first instance by the rule nisi or asks leave to file the information"); Walker, 209 Ga. at 738 ("[I]n all cases of applications to file an

---

[2] The propriety of the vote on the motion to terminate Boone's services is not an issue in this quo warranto action, see OCGA § 9-6-60, and therefore, we do not address that issue in this opinion.

5

information in the nature of a quo warranto the judge to whom it is presented is authorized to issue a rule to show cause why it should not be granted, and upon a return of the rule to hear and consider evidence relevant to the matter involved."). The order granting leave was not improper because it was signed by the clerk of court, see OCGA § 15-6-61 (a) (3) (authorizing clerk of superior court to sign orders at the direction of a superior court judge), and Jones' contrary arguments aside, we find no authority mandating that the same judge who grants leave to file a petition for quo warranto must preside over the hearing to determine whether the petition should be granted.

2. Jones contends the trial court erred by holding that the mayor was without authority to appoint Jones as city attorney. His argument, made in multiple parts, is that although the City's charter specifically provides that the city council shall appoint a city attorney, the council voted at its May 21, 2014 meeting to delegate this power of appointment to the mayor. The vote on the motion to delegate was three to two in the affirmative, just short of the four votes required for adoption. One council member abstained from voting, however, leaving it, Jones argues, within the discretion of the mayor to count the abstention vote as a negative vote, thereby creating a tie and authorizing the

6

mayor to cast her vote to give herself the power to appoint a city attorney. See Charter of the City of Gordon, § 3.22 (8). This argument raises several concerns, including whether under the City's charter the council could delegate to the mayor a power specifically conferred upon it by the charter, and whether in doing so, the mayor was authorized to cast the deciding vote to transfer such power to herself. We need not consider these issues, however, because we find no authority permitting the mayor to count the council member's abstention from voting as a negative vote, thereby creating a tie.

As stated, the City's charter provides that "[e]xcept as otherwise provided in this charter, the affirmative vote of four (4) council members shall be required for the adoption of any ordinance, resolution, or motion." Charter of the City of Gordon, § 3.15 (a). We previously have considered, in a case involving very similar language, the issue of how a commission or council, whose charter unambiguously requires an affirmative vote of a specified majority of its members, can treat an abstention from voting. See Merry v. Williams, 281 Ga. 571 (4) (642 SE2d 46) (2007). We recognized in Merry that the requirement of a specific number of affirmative votes exhibits a legislative intent that abstentions not be counted with the majority of votes cast and concluded that the

7

inclusion of such a requirement within the act consolidating the governments of the City of Augusta and Richmond County prohibited the commission from counting an abstention as an affirmative vote. See id. at 576-577. We further determined, under the rules of procedure applicable to the commission in that case, that abstentions could not be counted as negative votes. Id. at 576.

Here, Jones argues that Mayor Lue had the authority to treat an abstention as a negative vote. He, however, cites no act, law, charter provision, or rule of procedure granting either the mayor or the city council such authority. A mayor, like the municipality which he or she serves, has no inherent power but can only exercise that power delegated by the legislature. See generally H.G. Brown Family, L.P. v. City of Villa Rica, 278 Ga. 819 (1) (607 SE2d 883) (2005) ("A municipality has no inherent power; it may only exercise power to the extent it has been delegated authority by the state."); see also OCGA § 36-35-3 (a) (delegation of legislative power is to the municipality's governing authority, that is, the mayor and council). Moreover, the City's charter, which sets forth the sole power conferred by the City upon the mayor with regard to her right to vote on council matters, is silent as to how to treat an abstention, and unlike in Merry, there has been no evidence presented or suggestion made that the

8

council has adopted any rules of procedure which might govern the handling of an abstention in this circumstance. To the extent that *Robert's Rules of Order* may do so, we acknowledged in <u>Merry</u> that according to *Robert's Rules*, "'(a)lthough it is the duty of every member who has an opinion on a question to express it by his vote, he can abstain, since he cannot be compelled to vote.' Robert's Rules of Order Newly Revised (10th ed.), p. 394, 1. 6-9. 'The clear implication from that provision is that an abstention is not to be counted as a vote.' [Cit.]" <u>Merry</u>, 281 Ga. at 576. See also *Robert's Rules*, Ch. III, § 44 ("to 'abstain' means not to vote at all").

Accordingly, in the absence of any clear statutory, charter provision, or rule of procedure authorizing the mayor to treat an abstention as an actual vote by a council member, either in the affirmative or negative, we hold that the council member's abstention from voting on the May 21, 2014 motion to delegate to the mayor the power to appoint a city attorney was, in fact, no vote at all. Therefore, there was no tie vote on the motion, and Mayor Lue was not authorized to cast a vote in its favor. The sole authority to appoint a city attorney thus remained in the city council, see Charter of the City of Gordon, §

4.12,[3] and Jones' appointment as city attorney by the mayor was invalid.[4]

3.  Finally, we find no error in the trial court's failure to hold a jury trial. Although a jury trial is required in a quo warranto proceeding where there are factual questions at issue, see OCGA § 9-6-65, a jury trial is not required where the only issues concern questions of law.  See City of College Park v. Wyatt, 282 Ga. 479 (2) (651 SE2d 686) (2007); Hornsby v. Campbell, 267 Ga. 511 (4) (480 SE2d 189) (1997); see also OCGA § 9-6-64 (a) (where application for writ of quo warranto involves only questions of law, case may be determined by judge of the superior court).  In this case, Boone's application alleged that Mayor Lue was without authority under the City's charter to appoint Jones as city attorney and, as evidenced by the hearing transcript, the facts related to Jones' appointment were not in dispute.  Accordingly, the only issues before the trial court involved the interpretation of the charter's voting requirements and procedures which were questions of law.  See Merry, 281 Ga. at 573.

Judgment affirmed.  All the Justices concur.

---

[3] Lue v. Eady, 297 Ga. ___ (___ SE2d ___) (2015)

[4] No evidence has been presented suggesting that the council at any time has moved or voted on a motion to appoint Jones as city attorney.

Decided June 29, 2015.

Quo warranto. Jasper Superior Court. Before Judge Brown.

<u>Ronny E. Jones</u>, pro se.

<u>Boone, Scott & Boone, James S. Green</u>, for appellee.