**FIFTH DIVISION**
**BARNES, P. J.,**
**REESE, P. J. and MARKLE, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed. Please refer to the Supreme Court of Georgia Judicial Emergency Order of March 14, 2020 for further information at (https://www.gaappeals.us/rules).

**June 3, 2020**

# In the Court of Appeals of Georgia

A20A0124. CRAWFORD v. BALLI et al.

MARKLE, Judge.

After the Judicial Qualifications Commission (JQC) filed ethics charges against superior court Judge Robert M. "Mack" Crawford, he filed a petition for a writ of quo warranto and for temporary and permanent injunctions against the JQC and its individual members, contending that the members of the JQC had not been properly appointed under OCGA § 15-1-21 (g) (1) because their names were not submitted to the Senate by the statutory deadline.[1] The trial court denied the petition, finding that

---

[1] Judge Crawford resigned his position effective March 2020 as part of a plea deal in which he agreed not to run for re-election or apply for or serve as a judge while on probation. This Court ordered the parties to submit supplemental briefing on whether his resignation and plea deal rendered his quo warranto case moot or otherwise affected his standing to bring his claim. In his supplemental brief, Crawford concedes that his claims are moot if the JQC lacks jurisdiction to investigate or discipline him. However, in its response brief, the JQC explains that it retains

(1) Crawford failed to obtain leave of court to file the petition for quo warranto and therefore it was procedurally deficient; (2) the petition failed on the merits because the record showed that the JQC members had been appointed properly; and (3) the request for injunctive relief was moot. Crawford now appeals, arguing that the trial court erred by (1) finding the petition procedurally deficient because he had obtained a rule nisi hearing, which was sufficient to obtain leave of court; and (2) denying the petition on the merits because the only evidence it could consider was the Senate Journal and no presumption of regularity applied to the confirmation process. Because we conclude that Crawford's quo warranto petition could not be considered on its merits due to his failure to obtain leave of court prior to filing it, we vacate the trial court's order and remand the case with instructions to dismiss it on this basis.

We review questions of statutory interpretation de novo. *Hill v. First Atlantic Bank*, 323 Ga. App. 731, 732 (747 SE2d 892) (2013).

The underlying facts of this case are largely undisputed. In 2016, Georgia voters amended the state constitution to alter the structure and power of the JQC. Ga.

_____

jurisdiction to investigate and discipline Crawford even after his resignation. See Application D of the Code of Judicial Conduct; see also Rule 2 (B) & Rule 2 Comment. (2) of the Final Rules of the JQC (2018). As such, we agree that this appeal is not moot, and Crawford retains standing to challenge the JQC members' appointments.

2

Const., Art. VI, Sec. VII, Par. VI; OCGA § 15-1-21 (a) (2017). As is relevant to this appeal, under the new format, the JQC was divided into two panels: an investigations panel and a hearing panel. OCGA § 15-1-21 (e) (1). The governor, president of the senate, Supreme Court, and speaker of the house each appointed members to one of these two panels, OCGA § 15-1-21 (f) (3) (A), (4) (A), and these appointments required senate confirmation, OCGA § 15-1-21 (b).

The statute further mandates that the appointments be submitted to the senate before the third Monday in January,[2] which the parties agree was January 15. OCGA § 15-1-21 (g) (1). Failure to meet this deadline results in the appointee being ineligible. Id.

---

[2] Under OCGA § 15-1-21 (g) (1):
The names of the appointees required by this Code section *shall be submitted by the appointing authorities to the Senate no later than the third Monday in January*. Any member appointed to the commission shall serve until the Senate confirms such appointee, and *if an individual's name is not submitted by such deadline, he or she shall not be eligible for confirmation*.

(Emphasis supplied.).

3

The senate was not in session on January 15, and when it returned to session on January 18, the secretary of the senate delivered a memo to all senators to notify them that the names for the JQC appointees had been submitted and would be referred to the Committee on Assignments consistent with Senate Rule 3-3.1. The Senate Journal for January 18, which is the official record of senate proceedings, contains the secretary's memo and the letters of appointment.[3] Ga. Const. Art. III, Sec. V, Par. 1. Ultimately, each appointee was confirmed by the senate.

After Crawford was investigated and charged with ethics violations, he filed the instant petition for quo warranto challenging the appointment of the JQC members. Specifically, he alleged that the appointments were not submitted to the senate for confirmation before the January 15 deadline, as required by OCGA § 15-1-21 (g) (1), and therefore the appointments were void.

The trial court issued a rule nisi, setting the hearing date the following month, and granting a temporary restraining order. That order, however, was rescinded prior to the hearing date because it granted a restraining order without a hearing. Nothing in the initial rule nisi gave Crawford leave to file the quo warranto.

---

[3] The date on each of those letters precedes the deadline.

Following a hearing, the trial court denied the petition both for the failure to obtain leave of court prior to filing the petition and on the merits. This appeal followed.

1. Leave of Court

Crawford argues that he obtained a rule nisi, which was sufficient to meet the procedural requirement that the petitioner obtain leave of court prior to filing a petition for quo warranto. Alternatively, he contends that we should remand for the trial court to dismiss the petition without prejudice if we were to conclude that the failure to obtain leave is dispositive. We conclude that obtaining leave of court is a threshold requirement, and, accordingly, we vacate the trial court's order and remand the case.

"Quo warranto is an extraordinary remedy which exists solely by virtue of statute." (Citation and punctuation omitted.) *Richardson v. Phillips*, 285 Ga. 385, 385 (677 SE2d 117) (2009). OCGA § 9-6-60 provides, "[t]he writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging. It may be granted only after the application by some person either claiming the office or interested therein." As our Supreme Court has noted, the statute explicitly requires that "[a] petition for quo warranto may be filed *only* by

5

leave of court." (Citations omitted; emphasis supplied.) *Everetteze v. Clark*, 286 Ga. 11, 12-13 (2) (685 SE2d 72) (2009); see also OCGA § 9-6-60.[4]

"When we consider the meaning of a statute, we must presume that the General Assembly meant what it said and said what it meant." (Citation and punctuation omitted.) *Deal v. Coleman*, 294 Ga. 170, 172 (1) (a) (751 SE2d 337) (2013). We are not permitted to disregard statutory language.[5] *Georgia-Pacific Consumer Products, LP v. Ratner*, 345 Ga. App. 434, 440 (1) (a) (812 SE2d 120) (2018). Indeed, "[w]here the language of a statute is plain and unambiguous, judicial construction is not only unnecessary but forbidden." *Six Flags Over Georgia v. Kull*, 276 Ga. 210, 211 (576 SE2d 880) (2003).

Therefore, under the plain language of the statute, seeking leave of court is a threshold statutory requirement in an action for quo warranto. *Everetteze*, 286 Ga. at

---

[4] The parties do not dispute that a quo warranto was the appropriate action by which to challenge the appointment of the JQC members.

[5] As a result, we cannot accept the appellees' concession at oral argument that they are no longer arguing about the failure to obtain leave to file the petition. To do so would effectively have this Court disregard the unambiguous statutory language. Instead, the proper place to address the necessity of this threshold requirement is in the General Assembly.

12-13 (2). Indeed, our Supreme Court has recognized this requirement for decades.[6]

*Jones v. Boone*, 297 Ga. 437, 439 (1) (774 SE2d 668) (2015) (party filed an application for leave to file a quo warranto, after which the trial court issued a rule nisi granting leave to file a petition for quo warranto); *Richardson*, 285 Ga. at 386 (noting that there was no evidence in the record that the petitioner obtained leave of court to file the petition for quo warranto). Where a plaintiff fails to seek leave to file prior to filing a petition for quo warranto, our Supreme Court has directed that the petition must be dismissed. *Everetteze*, 286 Ga. at 13 (2).

Crawford relies on *Walker v. Hamilton*, 209 Ga. 735, 738 (76 SE2d 12) (1953), to support his argument that the trial court effectively granted leave when it issued

---

[6] See, e.g., *Anderson v. Flake*, 267 Ga. 498, 499 n. 1 (480 SE2d 10) (1997) (petitioner complied with the requirement to obtain leave to file a petition); *Gary v. Ogletree*, 219 Ga. 791, 791-792 (136 SE2d 373) (1964) (plaintiff filed application for leave to file, which was granted, and a rule nisi was issued); *Hicks v. Liner*, 205 Ga. 232 (52 SE2d 846) (1949) (petitioner filed for leave to file a quo warranto and trial court issued an order setting a hearing); *Shaw v. De Vane*, 169 Ga. 702 (151 SE 347) (1930) (petitioner filed application for leave to file quo warranto and trial court granted leave and required respondents to show cause); *McWilliams v. Jacobs*, 128 Ga. 375 (57 SE 509) (1907) ("the relators have no authority of law to file any petition connected with the matter in the superior court without first getting leave of the judge.") (citations omitted); *Harris v. Pounds*, 66 Ga. 123, 125-126 (1-3) (1880) ("the usual practice in quo warranto cases is to present to the court a petition, verified by affidavit, for leave to file the information; whereupon a rule nisi to show cause to the contrary is issued.").

7

the rule nisi. But *Walker* does not support his argument because, in that case, the petitioner *did* seek leave of the court to file the quo warranto petition.[7] Moreover, the holding in *Walker* expressly contemplated that the rule nisi would issue *after* the application for leave to file the petition, unlike the procedural posture here.[8]

We therefore conclude that Crawford's petition failed, not on the merits, but because he did not seek leave to file the petition, as required by the plain language of the quo warranto statute. OCGA § 9-6-60. Accordingly, as our Supreme Court precedent dictates, we must vacate the trial court's order, and remand the case with instructions to dismiss the petition without prejudice for failure to obtain leave.

---

[7] Crawford's citation to *Rogers v. Medical Association of Georgia*, 244 Ga. 151, 152-153 (1) (259 SE2d 85) (1979), is likewise unpersuasive. In that case, the court construed the complaint as a petition for quo warranto and found the plaintiffs had standing, but the Court did not reach the requirement of seeking leave of court.

[8] In his reply brief, Crawford cites to a another quote from *Walker*: "Superior courts of this State, *on an application for leave to file an information* in the nature of a quo warranto may, where the facts set forth in the accompanying information are positively verified, *grant the leave to file ex parte or issue a rule nisi* calling upon the respondent to show cause why the information should not be filed against him." (Emphasis supplied.) 209 Ga. at 735-736. But this reliance is unfounded. First, the quote appears in the syllabus and not the body of the opinion. Second, the quote actually says *upon application*, the court can grant it or issue rule nisi - it does not say that rule nisi is a substitute for application for leave.

8

2. In light of our conclusion in Division 1, we need not address Crawford's remaining arguments on appeal regarding the merits of his petition.

*Judgment vacated and case remanded with direction. Barnes, P. J., and Reese, P. J., concur.*