**THIRD DIVISION
DOYLE, P. J.,
GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**September 6, 2023**

# In the Court of Appeals of Georgia

A22A1646. EDWARDS v. SMITH.

GOBEIL, Judge.

This case concerns when a writ of quo warranto may be issued. Gregory W. Edwards, in his official capacity as District Attorney for Dougherty County, appeals from the trial court's order granting Jackie Smith's petition for writ of quo warranto. For the reasons set forth below, we reverse the trial court's order.

The record shows that in August 2009, Smith pleaded guilty in Dougherty County to misdemeanor homicide by vehicle and disregarding a traffic control device. She was sentenced to 24 months' probation, community service, and monetary fines and was not sentenced as a first offender. Pursuant to OCGA § 42-8-66 (a) (1), an individual who qualified to be sentenced as a first offender but who was not informed of her eligibility "may, with the consent of the prosecuting attorney, petition the court

in which he or she was convicted for exoneration of guilt and discharge pursuant to this article." On November 24, 2020, counsel for Smith contacted Edwards, the District Attorney of Dougherty County, and requested his consent to file a petition pursuant to OCGA § 42-8-66 (a) (1). Edwards declined to consent, thus denying Smith the opportunity to seek resentencing as a first offender.

On March 4, 2021, Smith filed a petition in quo warranto (OCGA § 9-6-60). She argued that the retroactive first offender statute was unconstitutional because it gave judicial powers to the District Attorney, an executive officer, and thus violated the separation of powers provisions of the Georgia Constitution. Therefore, according to Smith, a writ of quo warranto was proper because Edwards was discharging duties that his office was ineligible to perform.

Edwards objected to the petition, arguing that Smith failed to state a claim in quo warranto, and the trial court held a hearing. The trial court granted Smith's petition and issued a writ of quo warranto, finding that there was "a sufficient question about whether the District Attorney impermissibly acted in a judicial capacity by using his power under OCGA § 42-8-66 (a)." The court also found that there was "a genuine question about whether the statute violates the doctrine of separation of powers." This appeal followed.

2

1. We initially transferred the case to the Supreme Court of Georgia to determine whether the appeal presented a novel constitutional question that would invoke the Supreme Court's jurisdiction. The Supreme Court concluded that, although properly raised to the trial court, whether OCGA § 42-8-66 (a) (1) was unconstitutional was not actually decided by the trial court. Rather, the trial court noted merely "questions" concerning the statute's constitutionality. Case No. S23A0503, February 15, 2023. Accordingly, the Supreme Court remanded this appeal to our Court for further consideration.

2. We turn now to the trial court's application of the quo warranto statute, OCGA § 9-6-60. Edwards contends that the trial court erred in granting Smith's petition for writ of quo warranto, reasoning that Smith's petition failed to implicate the stated purpose of the statute. We agree.

In OCGA § 9-6-60, the General Assembly specified for what purpose quo warranto may issue. The statute explains that "[t]he writ of quo warranto may issue to inquire into the right of any person to any public office the duties of which he is in fact discharging. It may be granted only after the application by some person either claiming the office or interested therein." And, it ". . . is an extraordinary remedy

3

which exists solely by virtue of statute." *Richardson v. Phillips*, 285 Ga. 385, 385 (677 SE2d 117) (2009) (citation and punctuation omitted).

The quo warranto proceeding is about the right of the official to hold his or her public office. OCGA § 9-6-60; *Center v. Arp*, 198 Ga. 574, 575 (32 SE2d 308) (1944) ("The issue in a quo warranto proceeding is the title of the incumbents to the office from which they are sought to be ousted."). For example, a writ of quo warranto may issue where a petitioner can prove that an elected official did not reside in the county where she was elected, rendering her ineligible for her office, see *Anderson v. Flake*, 270 Ga. 141, 141, 143 (508 SE2d 650) (1998) (elected superior court judge was entitled to summary judgment in quo warranto action by proving her residency in the county where she was elected), or where a petitioner asserts that the newly-appointed public official was appointed in a procedure contrary to the city's charter, see *Jones v. Boone*, 297 Ga. 437, 440-441 (2) (774 SE2d 668) (2015) (writ of quo warranto was affirmed where mayor violated city charter to appoint a city attorney).

Importantly, quo warranto is *not* a proper remedy for misconduct while in office. See *Richardson*, 285 Ga. at 385-386 (quo warranto was not the appropriate remedy for allegation that county commissioner had an illegal financial interest in a county contract); *Belcher v. Harris*, 228 Ga. 387, 388-389 (185 SE2d 771) (1971)

(misconduct on the part of executive committee chairman was not grounds for a writ of quo warranto). Nor is quo warranto an appropriate method to challenge the legality of an action taken by a public official. See *McDonough v. Bacon*, 143 Ga. 283-284 (84 SE 588) (1915) ("Since the remedy by quo warranto . . . is employed only to test the actual right to an office or franchise, it follows that it can afford no relief for official misconduct, and can not be used to test the legality of the official action of public . . . officers.") (citation and punctuation omitted). These examples show that the writ of quo warranto is designed to challenge the public official's title to his or her office, not his or her actions taken while in office.

Here, Smith is not questioning Edwards's qualifications or right to hold his public position. Rather, she is challenging whether an action he took while in office was permitted under the Georgia Constitution. Contrary to Smith's assertions, however, OCGA § 9-6-60 is not a permissible vehicle for bringing such a challenge. Both the trial court and Smith rely upon *Delay* as authority for the proposition that a writ of quo warranto may be used to challenge a statute's constitutionality. 304 Ga. 338, 340 (818 SE2d 659) (2018). But we find this reliance on *Delay* misplaced. In *Delay*, the petitioner challenged in quo warranto certain members of a county's board of ethics who were appointed under a new county law. Id. at 338-340. The law vested

the appointment authority for these positions in private entities (a power previously held by county officials). Id. In challenging the appointment of these board members, the constitutionality of the law was relevant: if the law was unconstitutional, the board members' appointments would be void. (Ultimately, the Supreme Court agreed that the county law was unconstitutional and the board members appointed under it must be removed.) Id. at 342. Here, on the other hand, there is no challenge to the qualifications or right of any officials to hold their office (and no accompanying constitutional challenge).

Smith's reliance upon *Brown v. Scott*, 266 Ga. 44 (464 SE2d 607) (1995) meets a similar fate. In *Brown*, the Supreme Court found the DeKalb County Juvenile Court's appointment of police officers to serve as juvenile intake officers to be unconstitutional. The Court affirmed the issuance of a writ of quo warranto in *Brown* because the individuals could not simultaneously serve as both executive branch officials (as police officers) and judicial branch officials (as juvenile intake officers). Id. at 46-47 (1). Here, although the petition implicates the separation of powers principles set forth in the Georgia Constitution, it does not implicate the stated purpose of the statute: nothing in Smith's petition challenges or implicates Edwards's right to hold his office. Accordingly, Brown does not control. Smith's attempt to

6

conflate Edwards's actions while in office with his right to hold his position as District Attorney is not compelling.

In sum, the underlying allegations in Smith's petition do not allow her to challenge the constitutionality of OCGA § 42-8-66 (a) by means of a writ of quo warranto. Nothing in her allegations or the statute implicates Edwards's qualifications or right to hold his position. Even if the statute were held to be unconstitutional, something the trial court questioned but did not decide, it would not follow that Edwards must be removed from his position. Thus, his right to hold his public office is not at issue in Smith's petition, and it was due to be denied. We therefore reverse the trial court's order granting Smith's petition for a writ of quo warranto.

*Judgment reversed. Doyle, P. J., and Senior Judge Andrew C. Fuller concur*.